UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAVID A. LEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASH CENTRAL OF ALABAMA, ) <br> LLC, et al., ) <br> ) <br> Defendants. ) | Case No.: 2:18-cv-00833-SGC |

**MEMORANDUM OPINION AND ORDER OF REMAND**[1]

Presently pending is the motion to remand filed by the plaintiff, David A. Lee.[2] (Doc. 9). The defendants, Cash Central of Alabama, LLC, Community Choice Financial Inc., and Direct Financial Solutions, LLC, have opposed the motion, which is now ripe for adjudication. (Doc. 17; *see* Doc. 18). For the reasons explained below, the motion is due to be granted, and this matter is due to be remanded to state court.

**I.  BACKGROUND**

On February 16, 2018, Lee filed the initial complaint in this matter in Shelby County Circuit Court, asserting claims under Alabama common law and naming as

---

[1] The parties have unanimously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 20).

[2] Mr. Lee, who is an attorney, is representing himself in this matter, with the assistance of co-counsel.

defendants Cash Central, Community Choice Financial, and numerous fictitious parties. (Doc. 1-1 at 9-17). Lee's complaint asserts an unknown party stole his identity, obtained loans from the defendants, and subsequently defaulted. Lee's claims arise from the allegation the defendants reported to credit rating agencies that he defaulted on the fraudulent loans. (*Id.*). On February 19, 2018, Lee filed an amended complaint adding additional state law claims. (*Id.* at 33-35). On February 23, 2018, Lee filed a second amended complaint adding Direct Financial Solutions as a defendant. (*Id.* at 98-99). On February 26, 2018, Lee filed a third amended complaint correctly identifying Community Choice Financial. (*Id.* at 104-05).

The defendants were formally served with process on March 15 and 16, 2018, after which they filed a timely motion to dismiss. (Doc. 1-2 at 108, 114, 117, 121-32). After a hearing, the state court denied the motion to dismiss on May 16, 2018. (Doc. 1-3 at 46). That same day, Lee filed a fourth amended complaint asserting additional claims. (*Id*. 52-57). Accordingly, the operative complaint asserts claims against the above-captioned defendants and fictitious parties for negligence, wantonness, misrepresentation, declaratory relief, reckless training and supervision, invasion of privacy, negligent and wanton approval of a fraudulent loan application, negligent and reckless training, supervision, and monitoring of the loan approval process, malice, and willfulness. (*See id.*). No iteration of the

complaint specified the amount of damages Lee sought. Rather, Lee alleged the defendants' conduct caused him to have a lower credit score, difficulty refinancing his primary residence, delays in financing a lake house, a higher interest rate on a mortgage loan on his primary residence, and mental anguish. (*E.g.* Doc. 1-1 at 12).

On May 21, 2018, counsel for the defendants received a letter from Lee, dated May 17, 2018. (Doc. 1-4; *see* Doc. 1 at 11). The letter, in which Lee opined on the strength of his case and the difficulties the defendants would face in litigating the claims, invited the defendants to consider early resolution of the case. (Doc. 1-4). The letter did not include a specific settlement demand but did state Lee would not accept a low-ball offer. (*Id.* at 2). On May 31, 2018, the defendants removed to this court based on federal diversity jurisdiction. (Doc. 1). As to the amount in controversy, the defendants rely entirely on Lee's May 17, 2018 letter to establish the jurisdictional threshold. (*Id.* at 11-12).

## II. DISCUSSION

A state court action may be removed if "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), the federal district courts shall have original jurisdiction of all civil actions between citizens of different states where the amount in controversy exceeds $75,000. The requirement of complete diversity of citizenship appears to be satisfied here; Lee is an Alabama citizen (*See* Doc. 1 at 9), and the named

defendants are citizens of Ohio.³ While the operative complaint asserts claims against fictitious parties, the citizenship of these parties is disregarded when determining the existence of complete diversity. 28 U.S.C. § 1441(b).

The issue in this case is whether Lee's May 17, 2018 letter is sufficient to show the amount in controversy exceeds the jurisdictional threshold. Where a plaintiff's complaint does not include an *ad damnum* clause, the removing defendants must prove—by a preponderance of the evidence—the amount in controversy exceeds $75,000. *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1357 (11th Cir.1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). The defendants concede the initial pleadings in this case do not satisfy the amount in controversy requirement under 28 U.S.C. § 1332(a). (*See* Doc. 1 at 14-15). However, a notice of removal may be filed within thirty days after receipt by the defendant of "an amended pleading, order, or other paper from which it may first be ascertained that the case is one which has become removable." 28 U.S.C. § 1446(b)(3). Here, the defendants contend Lee's May 17, 2018 letter constitutes "other paper" showing the amount in controversy exceeds $75,000. (Doc. 1 at 11-12).

---

³ Specifically, the notice of removal states Community Choice Financial is incorporated and has its principal place of business in Ohio and is thus, an Ohio citizen. (Doc. 1 at 9). Direct Financial Solutions is an LLC, the sole member of which is Community Choice Financial. (*Id.* at 9-10). Cash Central is an LLC, the sole member of which is Direct Financial Solutions. (*Id.* at 10). Accordingly, both Direct Financial Solutions and Cash Central are citizens of Ohio for purposes of federal diversity jurisdiction. *E.g. Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004).

The defendants rely on several statements in the letter to support removal: (1) the lawsuit "could result in a multi-million dollar verdict in Shelby County;" (2) settlement would not be cheap; and (3) the cost of settlement would increase as litigation progressed. (Doc. 1 at 11, 15-16). As the defendants would have it, the letter revealed Lee's belief that the amount in controversy is "several million dollars." (*Id.* at 16).

In order for "other paper" to establish removability, the paper "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007); *see also Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1224 (N.D. Ala. 2012). Settlement demands or offers can be evidence that the amount in controversy exceeds $75,000. *See Seckel v. Travelers Home & Marine Ins. Co.*, No. 12-4163-KOB, 2013 WL 360421, at *1–2 (N.D. Ala. Jan. 29, 2013). "While [a] settlement offer, by itself, may not be determinative, it counts for something." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994). However, the weight given to a settlement offer "depends on the circumstances." *Taylor v. Piggly Wiggly of Bay Minette, Ala.*, No. 12-0320, 2012 WL 3555576, at *1-2 (S.D. Ala. Aug. 16, 2012). Indeed, courts within this circuit have found removing defendants failed to establish the amount in controversy even where plaintiffs have specifically asserted settlement demands exceeding $75,000. *Brooks v. Sears, Roebuck & Co.*, No. 18-

554, 2018 WL 3761045, at *2–4 (M.D. Fla. July 2, 2018), *report and recommendation adopted,* 2018 WL 3545421 (M.D. Fla. July 24, 2018) (finding amount in controversy not satisfied, notwithstanding the plaintiff's post-suit settlement demand of $135,000); *Jackson v. Select Portfolio Serv., Inc.,* 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) ($155,000 settlement demand, without information to support the figure, was insufficient to support removal).

Courts determining the weight due settlement demands have focused on whether the demand reflects a reasonable assessment of the value of the plaintiff's claim or mere puffing and posturing. "[S]ettlement offers that provide 'specific information to support the plaintiff's claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of his claim' and are entitled to more weight." *Taylor*, 2012 WL 3555576, at *1–2 (quoting *Golden Apple Mgmt. Co. v. Geac Comput., Inc.,* 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (alterations incorporated) (settlement demand of $225,000 was persuasive because it was accompanied by "specific information about hard, past damages" that plaintiff's medical expenses were $70,000); *Hardesty v. State Farm Mut. Auto. Ins. Co.*, No. 09-735-, 2009 WL 1423957, at *2–3 (M.D. Fla. May 18, 2009) (settlement demand of $100,000 policy limits satisfied jurisdictional threshold where it was accompanied by assessment of plaintiff's damages showing $8,425.00 in past medical expenses, $107,370.00 in future medical expenses, as well as $75,000.00

for bodily injury, pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of enjoyment of life).

Conversely, settlement demands amounting to mere puffing or posturing do not reflect a reasonable assessment of the value of the case and thus, fail to satisfy the defendant's burden. *Seckel*, 2013 WL 360421, at *1–2 (letter from plaintiff stating "I have no doubt I can win a 6 figure judgment" constituted "puffing and posturing" which did not establish the amount in controversy); *Brooks*, 2018 WL 3761045, at *2–4 ($135,000 settlement demand did not satisfy amount in controversy where defendant did not present any information regarding the nature or severity of plaintiff's injuries); *Jackson*, 651 F. Supp. 2d at 1281 (unsupported $155,000 settlement demand insufficient to support removal); *see also Clarke v. Home Depot, Inc.*, No. 07-80097, 2007 WL 9701763, at *1 (S.D. Fla. Mar. 12, 2007) (letter from plaintiff's counsel acknowledging the exact amount of damages had not been evaluated but stating "preliminary estimates" revealed damages would exceed $75,000 insufficient to show amount in controversy exceeded jurisdictional threshold).

Here, Lee's May 17, 2018 letter does not make a specific settlement demand. Accordingly, the letter does not constitute Lee's unambiguous assessment of the value of his case. Perhaps more importantly, the letter is devoid of specific

information regarding the extent of Lee's alleged damages. *See, e.g., Brooks*, 2018 WL 3761045, at *2–4; *Taylor*, 2012 WL 3555576, at *1–2.

In support of removal the defendants rely on several statements in the May 17, 2018 letter, each of which is examined in turn. First, the letter notes the case could make new Alabama law that would ultimately cost the defendants and other similar defendants "hundreds of millions of dollars." (Doc. 1-4 at 1). While this statement speculates on the potential downstream effects an adverse judgment could impose on the defendants' business, it says nothing of the amount in controversy in this case—the value of Lee's claims. Next, the defendants rely on Lee's opinion that "this is a very serious case for the defendants that could result in a multi-million dollar verdict in Shelby County." (Doc. 1-4 at 1). However, this statement is similar to those in other cases, which courts sitting within Alabama have found to constitute the sort of "puffing and posturing" which is insufficient to establish the amount in controversy. *E.g. Seckel*, 2013 WL 360421, at *1 (plaintiff's statement "I have no doubt I can win a 6 figure judgment" was insufficient). Finally, the defendants rely on Lee's statements that: (1) the defendants could not "throw [him] a bone" to settle the case; (2) the cost of settlement would increase as litigation progressed; and (3) Lee was "very serious about this case," which would "be a very expensive case for them to defend." (Doc. 1-4 at 2-3). Like the other statements upon which the defendants' rely, these

statements offer no information regarding the nature or severity of Lee's damages or the amount in controversy.  *See Brooks*, 2018 WL 3761045, at *2–*4.

For the foregoing reasons, Lee's May 17, 2018 letter does not "contain an unambiguous statement that clearly establishes federal jurisdiction."  *Lowery*, 483 F.3d at 1213 n.63; *see also Griffith*, 884 F. Supp. 2d at 1224.  Accordingly, the defendants have failed to carry their burden of showing—by a preponderance of the evidence—the amount in controversy exceeds $75,000.  *Tapscott*, 77 F.3d at 1357.  Given the presumption in favor of remand where federal jurisdiction is not absolutely clear, the motion to remand is due to be granted.  *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

### III.  CONCLUSION

For all of the foregoing reasons, the plaintiff's motion to remand (Doc. 9) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of Shelby County, Alabama for further proceedings.

**DONE** and **ORDERED** this 9th day of January, 2019.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE